UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:23-mc-00081-VAB |
| (PROTEGRITY as Movant) | : | |
| | : | |
| v. | : | |
| | : | |
| SUNI MUNSHANI | : | October 10, 2023 |

## REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO QUASH SUBPOENAS AND INTERROGATORIES

Defendant Sunil Munshani respectfully submits this reply brief in support of his motion to quash the interrogatories that Protegrity issued against him and the subpoenas it issued to various financial institutions. Protegrity lacks legal authority to pursue either enforcement avenue based merely on its registration of judgment in this case.

Protegrity's opposition brief (ECF No. 15) is nothing more than an appeal to emotion, wholly lacking factual and legal support. Protegrity argues that if it is not permitted to act beyond the authority granted by carefully constructed federal statutory law, "the rights of victims to enforce restitution orders would be rendered meaningless." Defendant's Opposition to Moton to Quash ("Def.'s Br. at 1"). Not so. To begin with, the Mandatory Victim Restitution Act of 1996 ("MVRA") grants the government primary and expanded authority to enforce criminal restitution orders while providing narrower enforcement powers to victims. It is Protegrity's attempts to engage in post-judgment enforcement efforts beyond its statutory authority and beyond what is specified in the judgment itself that "should raise suspicion." See *id.* at 4. Section §3664(m)(1)(B) of the MVRA is clear: With respect to abstract judgments, "[u]pon registering, recording, docketing, or indexing such abstract *in accordance with the rules and requirements relating to judgments of the court*

*of the State where the district court is located*, the abstract of judgment shall be a lien on the property of the defendant located in such State . . . ." (emphasis added). This is the limit of Protegrity's enforcement authority under the MVRA.

None of the caselaw on which Protegrity relies supports its position. First, in all of the cases cited by Protegrity for the proposition that "broad post-judgment discovery in aid of execution is the norm," the judgments at issue were immediately enforceable. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d. Cir. 2012); *Bruce Kirby, Inc. v. LaserPerformance (Europe) Limited*, 2021 WL 4520157 (D. Conn. Oct. 4, 2021); *GMA Accessories, Inc. v. Electric Wonderland, Inc.*, 2012 WL 1933558 (S.D.N.Y. 2012). In contrast, Mr. Munshani presently owes nothing. As the Judgment specifies, it is only upon Mr. Munshani's release from the custody of the Bureau of Prisons and his placement on supervised release that Mr. Munshani's obligation to begin making payments towards restitution commences.

Second, the above cases all involved enforcement of *civil judgment*s where the applicability of Fed. R. Civ. P. 69 was not in dispute. *Id*. Indeed, not one of these cases even acknowledged the existence of the MVRA for the simple reason that the statutory scheme for enforcement of criminal judgments was not pertinent to their analyses. Protegrity's cases provide absolutely no basis to expand victims' enforcement authority pursuant to the MVRA, which explicitly permits only the government to utilize the practices and procedures of Federal Rule of Civil Procedure 69 for the enforcement of a criminal judgment. *See Consolidated Edison Company of New York, Inc. v. Razzouk*, 2022 WL 2532525, *2 (E.D.N.Y. Jul. 7, 2022).

Third, where Protegrity does cite cases that actually recognize the MVRA, those cases undermine its objection. *See* Def.'s Br. at 6; *United States v. Maynard*, 743 F.3d 374, 378 (2d Cir. 2014) ("The decisive issue on this appeal is whether expenses other than those enumerated in § 3663A(b) are compensable

2

under the MVRA. We conclude they are not."); *Schultz v. United States*, 594 F.3d 1120, 1123 (9th Cir. 2010) ("Subsection A of the statute expressly authorizes the United States to enforce a restitution order by the statutory remedy in the Act 'or by all other available and reasonable means.' Section 3664(m)(1)(B), however, prescribes only one method by which victims may enforce a restitution order. The negative implication is that Congress meant to prohibit enforcement in any other way.").

Protegrity further asserts incorrectly that Mr. Munshani "makes no effort to argue that the interrogatories and subpoenas themselves are overbroad or otherwise outside the bounds of permissible discovery." Def.'s br. at 5. Yet Mr. Munshani does just that, arguing that Protegrity's enforcement and discovery efforts are unsupported by the law. *See* ECF No. 14 at 2-3.

## Conclusion

For these reasons and the reasons stated in his motion, Defendant Suni Munshani respectfully submits that his motion to quash the interrogatories issued against him and the subpoenas issued to the various financial institutions in the above captioned case be granted. Protegrity lacks legal authority to pursue either avenue based merely on its registration of judgment in this case.

                                              DEFENDANT
                                              SUNIL MUNSHANI

                                              By:  /s/ Brian E. Spears
                                              Brian E. Spears
                                              Federal Bar No. ct14240
                                              Ivan J. Ladd-Smith
                                              Federal Bar No. ct30972
                                              SPEARS MANNING & MARTINI LLC
                                              2425 Post Road, Suite 203
                                              Southport, CT  06890
                                              Telephone:  (203) 292-9766
                                              Facsimile:  (203) 292-9682
                                              Email:  bspears@spearsmanning.com

## CERTIFICATION

I hereby certify that on October 10, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Brian E. Spears
Brian E. Spears
Federal Bar No. ct14240
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT  06890
Telephone:  (203) 292-9766
Facsimile:  (203) 292-9682
Email:bspears@spearsmanning.com